# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | No. 23-2167 |
|---|---|
| Case Name | Zachary Fort, et al. v. Michelle Lujan Grisham, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Zachary Fort, New Mexico Shooting Sports Association, Firearms Policy Coalition, Inc., and Second Amendment Foundation |
| Appellee(s) or Respondent(s) | Michelle Lujan Grisham, Patrick M. Allen, Jason R. Bowie, Troy Weisler, and Harold Medina |
| List all prior or related appeals in this court with appropriate citation(s). | Related: We the Patriots, Inc., et al. v. Michelle Lujan Grisham, et al., No. 23-2166 (10th Cir. 2023) |

**I.    JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.    APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: 10/11/2023

   **2.**   Date notice of appeal was **filed**: 10/20/2023

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority): 30 days. See Fed. R. App. P. 4(a)(1)(A).

   **a.**   Was the United States or an officer or an agency of the United States a party below? No.

   **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   n/a

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   No.

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   No.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? Yes.

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   n/a

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

Cir. 2010) (discussing protective or conditional cross appeals).  n/a

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1.    Date of the order to be reviewed: _____

    2.    Date petition for review was filed: _____

    3.    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    4.    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

    1.    Date of entry of decision appealed: _____

    2.    Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    3.    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    4.    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II.  **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____
_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    F.    Is the defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.    GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Plaintiffs--an individual and gun rights groups--sued to challenge New Mexico's "Amended Public Health Emergency Order Imposing Temporary Firearm Restrictions," as unconstitutional under the Second Amendment. The Supreme Court held in New York State Rifle and Pistol Association v. Bruen, 142 U.S. 2111 (2022), that the Second Amendment protects the "general right to publicly carry arms for self-defense." Under Bruen, restrictions on this general right are permissible only if they accord with this Nation's historical tradition of firearms regulations, as assess by their similarity to relevant historical analogues. Plaintiffs moved to enjoin the portion of the Order restricting firearm carriage in parks. The district court denied that motion. This appeal followed as of right under 28 U.S.C.1292(a)(1).

**IV.    IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the district court erred in declining to enjoin the Public Health Order's ban on carrying firearms in parks.

**V.    ATTORNEY FILING DOCKETING STATEMENT:**

Name: David H. Thompson      Telephone: (202) 220-9600

Firm: Cooper & Kirk, PLLC

Email Address: dthompson@cooperkirk.com

Address: 1523 New Hampshire Avenue, NW, Washington, DC 20036


/s/David H. Thompson                                    10/30/2023

Signature                                                                Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, David H. Thompson, hereby certify that on
[attorney for appellant/petitioner]

10/30/2023, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Cody R. Rogers, at crogers@serpeandrews.com
[counsel for/or appellee/respondent]

and Serpe Andrews, PLLC 2540 El Paseo Rd. Suite D La Cruces, NM 88001

_____, the last known address/email address, by

electronic service.
[state method of service]

/s/David H. Thompson
Signature

10/30/2023
Date

David H. Thompson
Cooper & Kirk, PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
Full name and address of attorney