# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| David H. Thompson<br>(202) 220-9659<br>dthompson@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

July 24, 2024

**VIA CM/ECF**

Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, CO 80257-1823

Re:     *We the Patriots v. Lujan Grisham*, No. 23-2167

Dear Mr. Wolpert:

I write to respond to Appellees' Rule 28(j) letter regarding the decisions in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and *Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (U.S. July 2, 2024).

*First*, Appellees claim *Rahimi* confirms the "importance of Reconstruction-era evidence to Second Amendment historical analysis," but *Rahimi* actually confirms the critical importance of *Founding-era* evidence. While the Court found it unnecessary to decide whether courts should primarily rely on Founding- or Reconstruction-era analogues, *Rahimi*, 144 S. Ct. at 1898 n.1, the Court focused its analysis on the Founding, *id.* at 1898 (citing the "founding generation" and "what was done at the founding"). The Court relied on the surety and affray traditions, which were grounded in the common law before, during, and after the Second Amendment's ratification. *Id.* at 1899–1901. When the Court cited 19th century statutes, it was to confirm the Founding-era principles, not replace them.

*Second*, Appellees accuse Appellants of advocating a "cramped" historical analysis, but that is false. Appellants argue here—as the Court held in *Rahimi*—for an analysis grounded in ratification-era understandings. If anything, *Rahimi* undermines Appellants' position by emphasizing that the affray tradition, which was the principal means to regulate public carry at the Founding, applied only to public carry *in a manner done to terrify*, not to law-abiding citizens carrying peaceably. *Id.* at 1901.

*Third*, Appellants emphasize the "high bar" of a facial challenge, but here, Appellants have cleared that bar. In *Rahimi*, the law at issue could be violated in *two* ways—and the Court needed only to confirm that the former application was constitutional to uphold the law. *Id.* at 1903. Here, the statute has only one application: to ban carry in parks. That law lacks *any* constitutional application because there is no historical tradition that would justify banning carry in parks. It is facially unconstitutional just like the handgun ban in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and the "may issue" regime in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022).

Mr. Christopher M. Wolpert
July 24, 2024
Page 2

        Respectfully,

        s/ David H. Thompson
        David H. Thompson
        *Counsel for Fort Plaintiffs*